**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

### THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

| | |
|---|---|
| The State, | Respondent, |
| v. | |
| Tyrone Moore, | Appellant. |

———

Appeal From Berkeley County
R. Markley Dennis Jr., Circuit Court Judge

———

Unpublished Opinion No.  2012-UP-344
Submitted May 1, 2012 – Filed June 6, 2012

———

**AFFIRMED**

———

Eduardo K. Curry, of North Charleston, for Appellant.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, and Assistant Attorney General Mark R. Farthing, all

of Columbia; and Solicitor Scarlett A. Wilson, of Charleston, for Respondent.

**PER CURIAM:** Tyrone Moore appeals his convictions of two counts of lewd act on a minor, arguing the circuit court erred in limiting his cross-examination of one witness and in qualifying another witness as an expert. We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:

1. As to whether the circuit court erred in limiting Moore's cross-examination of one of the State's witnesses: State v. Sheppard, 391 S.C. 415, 420-21, 706 S.E.2d 16, 19 (2011) ("Our law is clear that a party must make a contemporaneous objection that is ruled upon by the [circuit court] to preserve an issue for appellate review."); State v. Mitchell, 330 S.C. 189, 195, 498 S.E.2d 642, 645 (1998) (holding a defendant cannot complain on appeal about the circuit court's limitation of cross-examination if the defendant acquiesced to the limitation at trial).

2. As to whether the circuit court erred in qualifying one of the State's witnesses as an expert: State v. Martin, 391 S.C. 508, 513, 706 S.E.2d 40, 42 (Ct. App. 2011) ("The qualification of a witness as an expert is within the sound discretion of the [circuit] court and will not be reversed absent an abuse of discretion."); State v. Henry, 329 S.C. 266, 273, 495 S.E.2d 463, 466 (Ct. App. 1997) (holding a circuit court does not abuse its discretion in qualifying a witness as an expert "as long as the witness has acquired by study or practical experience such knowledge of the subject matter of his testimony as would enable him to give guidance and assistance to the jury in resolving a factual issue which is beyond the scope of the jury's good judgment and common knowledge"); id. at 274, 495 S.E.2d at 467 ("There is no exact requirement concerning how knowledge or skill must be acquired.").

**AFFIRMED.**

**WILLIAMS, THOMAS, and LOCKEMY, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.